UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN RECANT,<br><br>            Plaintiffs,<br><br>    -against-<br><br>SARGENT DAY, et al.,<br><br>            Defendants. | 24-CV-4117 (JHR) (RFT)<br><br>**ORDER** |

**TO THE HONORABLE JENNIFER H. REARDEN, UNITED STATES DISTRICT JUDGE:**

On May 24, 2024, Plaintiff Robin Recant filed a pro se complaint against 72 Defendants, alleging numerous claims, including violations of various federal constitutional rights. (See ECF 1, Compl. at 2.) On May 30, Chief Judge Laura Taylor Swain denied Plaintiff's application to proceed in forma pauperis (without paying fees). (See ECF 8.) On June 4, 2024, Plaintiff paid the required filing and administrative fees. The next day, Judge Jennifer H. Rearden referred this matter to me for general pretrial supervision and all dispositive motions. (*See* ECF 12.) Plaintiff's time to serve the summons and complaint on Defendants expired on August 24, 2024.

> Rule 4(m) of the Federal Rules of Civil Procedure provides:
>
> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On September 9, 2024, I issued an order to show cause ("OTSC") why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to serve any Defendant. I noted in the OTSC that "[t]here is no indication on the docket that Plaintiff

requested the Clerk of Court to issue a summons for any Defendant, which Plaintiff would need in order to effect proper service," and that Plaintiff had not filed any proof of service on the docket. (*See* ECF 15.) The order was returnable on September 23, 2024, by submitting a motion requesting, based on a showing of good cause, a retroactive extension of the time for service on Defendants. (*Id.*) On September 30, 2024, I extended until October 9, 2024 Plaintiff's time to comply with the OTSC by requesting an extension, based on a showing of good cause, of the time to serve Defendants. (*See* ECF 16.) In the order extending the time to respond to the OTSC, I again warned Plaintiff that failure to comply with the OTSC by October 9, 2024 could result in my issuing a report and recommendation to Judge Rearden that this case be dismissed without prejudice under Rule 4(m). (*See id.*) Plaintiff has not complied with the OTSC. I am retroactively extending Plaintiff's time to respond to the OTSC one last time, **until November 4, 2024**. <u>Plaintiff is warned that failure to comply with the OTSC by **November 4, 2024** will result in my issuing a report and recommendation to Judge Rearden that this case be dismissed without prejudice under Rule 4(m)</u>. Plaintiff can comply with the OTSC by submitting a letter making a retroactive request, based on a showing of good cause, of the time for service on Defendants.

Dated:   New York, New York
         October 22, 2024

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge