UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN RECANT,<br><br>                Plaintiff,<br><br>-against-<br><br>SARGENT DAY,<br><br>                Defendants. | 24-CV-04117 (JHR) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On December 26, 2024, I issued a report and recommendation in this matter recommending that the Honorable Jennifer H. Rearden dismiss this case without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF 22.) On February 7, 2025, Plaintiff filed a letter on the docket requesting protection and seeking pro bono counsel. (ECF 23.) I issued an order denying the request for pro bono counsel (ECF 24); I construed the request for protection as a renewal of her order seeking a temporary restraining order and preliminary injunction against certain defendants and issued a report and recommendation that those requests be denied (ECF 25). On February 28, 2025, Plaintiff filed a letter submitting documents "to support the merits and importance" of this case and another case she has filed in this District (*Recant v. DeSales Assisted Living*, 24-CV-3440 (LTS). (ECF 28.) In that letter, Plaintiff mentioned some of the claims in the instant matter as well as other wrongs she has suffered, including alleged ADA violations at various locations throughout New York City, a "recent illegally forced psychiatric hospitalization, and

overbilling by a pharmacy for prescription medication; she requests that additional Defendants be added to her complaint, which already names over 70 individuals and entities. (*See id*.)

  To ensure that Plaintiff understood the import of my December 26, 2024 report and recommendation, I held an in-person status conference on March 27, 2025, which Plaintiff attended. I explained the basis for my recommendation that the case be dismissed for failure to prosecute. I pointed out that Plaintiff had not served any Defendants, notwithstanding several orders I had issued stating that if she did not take steps to effect service, I would recommend dismissal of the case without prejudice for failure to prosecute. I also explained the basis for my earlier report and recommendation that Judge Rearden deny Plaintiff's request for a temporary restraining order and preliminary injunctive relief against Defendants ACS, Lanier, NYPD, Day, Doe, and DOHMH. (ECF 14.)

  During the conference, Plaintiff said that she wanted the assistance of the U.S. Marshals Service in effecting service, and I explained that such assistance is available only to plaintiffs who are proceeding in forma pauperis ("IFP"); Plaintiff's request to proceed without paying fees was denied (ECF 8), and Plaintiff paid the filing fee. Plaintiff indicated that her financial circumstances have changed, that she would not be able to pay the filing fee at this time, and that she cannot afford to hire process servers. Plaintiff provided no reason why she did not request the assistance of the U.S. Marshals Service in response to any of my earlier orders directing her to take steps to effect service. Nevertheless, if Plaintiff wishes the Court to reconsider her request to proceed IFP, she shall, by April 14, 2025, submit an updated IFP application.

My report and recommendation that this case be dismiss for failure to prosecute (ECF 22) is hereby WITHDRAWN. However, Plaintiff is warned that I will not hesitate to re-issue that report and recommendation if Plaintiff fails to seek IFP status, or if a renewed motion to proceed IFP is denied.

DATED:  March 31, 2025
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge