UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN RECANT,<br><br>                    Plaintiff,<br><br>     -against-<br><br>SARGENT DAY,<br><br>                    Defendants. | 24-CV-04117 (JHR) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      On May 24, 2024, Plaintiff Robin Recant filed a pro se complaint alleging numerous claims, including violations of various federal constitutional rights, and naming 72 Defendants. (See ECF 1, Compl. at 2.) On December 26, 2024, I issued a report and recommendation that the Honorable Jennifer H. Rearden dismiss this case without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF 22, Report and Recommendation.) In response to certain letters submitted by Plaintiff and to ensure that Plaintiff understood my Report and Recommendation, I held an in-person conference on March 27, 2025. (*See* ECF 32, Order at 1.)

      During the March 27 conference, I explained that in the time since Plaintiff filed her complaint, she had neither requested summonses to be issued, nor served any Defendant in this action. (*See id.* at 2.) Plaintiff said that she wanted the assistance of the U.S. Marshals Service in effecting service, and I explained that such assistance is generally available only to

plaintiffs who are proceeding in forma pauperis (IFP).[1] (*Id.*) Plaintiff indicated that her financial circumstances have changed, that she would not be able to pay the filing fee at this time, and that she cannot afford to hire process servers. (*Id.*) In light of Plaintiff's representation about her finances, I withdrew my Report and Recommendation and gave Plaintiff leave to renew her request to proceed IFP. (*See id.*)

"District courts have broad discretion to determine whether a litigant has sufficiently demonstrated poverty." *Kulkarni v. Actavis Generics*, No. 22-CV-5735 (PAE) (BCM), 2022 WL 7215324, at *2 (S.D.N.Y. Sept. 30, 2022). Although "there is no pre-set income or asset level that qualifies a plaintiff for IFP status, and the plaintiff need not demonstrate absolute destitution," the Court must be "persuaded that Plaintiff is financially unable to pay for service of process on defendants she has sued." *Id.*

On April 14, 2025, Plaintiff renewed her application to proceed IFP. (ECF 33, IFP Application.) In her IFP Application, she indicated that she "or someone else living at the same residence . . . received more than $200 in the past 12 months" from sources including "[g]ifts or inheritances." (*Id.* at 1-2 (checking off box 3(e)).) Plaintiff was required to describe "each source of money and state the amount [she] received and what [she] expected to receive in the future." Plaintiff has not described the gifts or inheritances she received or expects to receive. Therefore, I am not persuaded of Plaintiff's poverty.

---

[1] Plaintiff's request to proceed IFP was denied on May 30, 2024 (ECF 8), and Plaintiff paid the filing fee.

If Plaintiff wishes to proceed IFP, she is directed to supplement her renewed application to proceed IFP **May 9, 2025** with an explanation of the amount of all gifts and inheritances she received or expects to receive.

DATED: April 23, 2025
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge