UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN RECANT,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>SARGENT DAY, et al.,<br><br>　　　　　　　Defendant. | 24-cv-04117 (JHR) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

　　　　On May 24, 2024, Plaintiff Robin Recant filed a pro se complaint alleging numerous claims, including violations of various federal constitutional rights, and naming 72 Defendants. (See ECF 1, Compl. at 2.) On December 26, 2024, I issued a report and recommendation that the Honorable Jennifer H. Rearden dismiss this case without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF 22, Report and Recommendation.) In response to certain letters submitted by Plaintiff and to ensure that Plaintiff understood my Report and Recommendation, I held an in-person conference on March 27, 2025. (*See* ECF 32, Order at 1.) During the March 27 conference, I explained that in the time since Plaintiff filed her complaint, she had neither requested summonses to be issued, nor served any Defendant in this action. (*See id*. at 2.) Plaintiff said that she wanted the assistance of the United States Marshals Service in effecting service, and I explained that such assistance is available only to plaintiffs who are proceeding in forma pauperis ("IFP"). (*Id.*) Plaintiff indicated that her financial circumstances have changed since her original request to proceed IFP was denied on May 30, 2024 (ECF 8), and Plaintiff paid the filing fee. Plaintiff said that because of her changed financial circumstances, she would not be able to pay the filing fee at this time, and that she cannot afford to hire process servers. (*Id.*) In light of Plaintiff's representation about her finances, I withdrew my Report and Recommendation and gave Plaintiff leave to renew her request to proceed IFP. (*See id*.)

　　　　On April 14, 2025, Plaintiff renewed her application to proceed IFP. (ECF 33, IFP Application.) In her IFP Application, she indicated that she "or someone else living at the same

residence . . . received more than $200 in the past 12 months" from sources including "[g]ifts or inheritances" (*See id*. at 1-2 (checking off box 3(e).) Plaintiff was required to describe "each source of money and state the amount [she] received and what [she] expected to receive in the future." Plaintiff did not describe the gifts or inheritances she received or expects to receive. Therefore, I issued an order April 23, 2025 stating that I was not persuaded of Plaintiff's poverty and requiring her to supplement her IFP application by May 9, 2025. (*See* ECF 34.) Plaintiff filed an amended IFP application on May 9, 2025. (See ECF 35.) However, that application reported inconsistent amounts for some sources of income as compared to her April 14 IFP application (ECF 33); I issued an order on June 12, 2025 stating that if Plaintiff wished to proceed IFP, she had to submit by June 30, 2025 a letter explaining the discrepancies between her IFP application filed on April 14, 2025 and her IFP application filed on May 9,2025, as well as proof of her income and costs. (*See* ECF 36.)

      Plaintiff failed to do so. I issued an order extending Plaintiff's deadline until July 31, 2025 to either 1) file the materials needed to support her IFP application, which, if granted would allow her to be assisted with service by the United States Marshals Service, or 2) effect service on Defendants; or 3) request a reasonable extension of time to effect service. I stated that if Plaintiff failed to meet that deadline, then I expected to recommend to Judge Rearden that she dismiss this case pursuant to Rule 41(b) for failure to prosecute. I admonished Plaintiff that she had the ultimate obligation of moving the case to trial, and that "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff*." Perez v. City of New York*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). The Second Circuit has concluded that Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action on its own initiative (sua sponte), notwithstanding the rule's silence on such sua sponte dismissal. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (explaining that even though Rule 41(b) refers only to dismissal upon a defendant's motion, a district court nonetheless has the authority to dismiss a plaintiff's case sua sponte for failure to prosecute); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (holding that sua sponte dismissal may be warranted "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order").

      This case was originally filed over a year ago, and no Defendant has yet been served. Plaintiff indicated at a status conference on March 27, 2025, that her failure to serve was due to financial constraints. I am extending Plaintiff's deadline retroactively one final time. Plaintiff has until **September 2, 2025** to either 1) file the materials needed to support her IFP application, which, if granted would allow her to be assisted with service by the United States Marshals Service, or 2) effect service on Defendants; or 3) request a reasonable extension of time to effect service. If Plaintiff fails to meet that deadline, then I expected to recommend to Judge Rearden that she dismiss this case pursuant to Rule 41(b) for failure to prosecute.

DATED:  August 5, 2025
             New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge