UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN RECANT,

                Plaintiffs,

-against-

SARGENT DAY, et al.,

                Defendants.

24-CV-4117 (JHR) (RFT)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE JENNIFER H. REARDEN, UNITED STATES DISTRICT JUDGE:**

      On May 24, 2024, Plaintiff Robin Recant filed a pro se complaint alleging numerous claims, including violations of various federal constitutional rights, and naming 72 Defendants (the "Complaint"). (See ECF 1, Compl. at 2.) Plaintiff's time to serve the summons and Complaint on any Defendant expired on August 24, 2024. For the reasons set forth below, I respectfully recommend that Your Honor sua sponte dismiss the Complaint without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**

      I set forth the facts as alleged in the Complaint (ECF 1) and the papers submitted by Plaintiff in support of her motion for a temporary restraining order (ECF 4).[1] Between 2002 and 2009,

---

[1] Those materials include: complaints filed in 2009 by Plaintiff in state court and in this Court (see ECF 1, Compl. at 19-89 (2009 State Court Complaint); *id*. at 118-60 (2009 Federal Complaint)); state court orders of involuntary hospitalization (*see, e.g., id*. at 250-259 (2019 Application for Involuntary Admission on Medical Certification)); and orders pursuant to New York Mental Hygiene Law ("MHL") § 9.60 authorizing Plaintiff's assisted outpatient treatment ("AOT"), which provided

Plaintiff was employed by the Department of Health and Mental Hygiene ("DOHMH") as a Director of Medical Training and Education and Medical Director for a DOHMH program that was funded by the Centers for Disease Control and Prevention ("CDC"). (*See* ECF 1, Compl. at 123 (2009 Federal Complaint).) Between June and October 2008, Plaintiff took medical leave from her position for 101 days. (*See id*. at 128.)

After returning to work, in December 2008, she was sexually harassed by her direct supervisor, Defendant Dr. Steve Rubin. (*See id*. at 132; *see also* ECF 7, May 29, 2024 Letter at 1.) Rubin was affiliated with the CDC. (*See* ECF 5, Order To Show Cause ("OTSC") at 1.) Plaintiff states that Defendant Susan Blank, then an Assistant Commissioner at DOHMH (*see* ECF 1, Compl. at 121), "refused to deal with" Rubin because of the then-imminent appointment of DOHMH's director, Defendant Dr. Tom Frieden, as director of the CDC. (*See* ECF 5, OTSC at 1, 3.) At an unspecified time, Frieden, who had been hired to head DOHMH by Defendant Michael Bloomberg while he was mayor of New York City, ordered NYPD officers to arrest Plaintiff at the direction of Bloomberg. (See ECF 7, May 29, 2024 Letter at 1). It is unclear, but Plaintiff may have filed a police report with the NYPD accusing Rubin of sexual assault. (*See id*.)

Also in 2008, Plaintiff's sister, Donna Recant, convinced ACS to remove Plaintiff's two children after accusing Plaintiff of mental incompetence and child abuse and mistreatment. (*See* ECF 1, Compl. at 25-27 (2009 State Court Complaint).) In March 2009, Plaintiff's sister was awarded temporary custody of Plaintiff's children. (*See* ECF 1, Compl. at 51 (Temporary Order of Custody).)

---

for involuntary administration of her medication (*see, e.g., id*. at 201-42 (2015 AOT Order)). I also relied on facts set out in in letters from Plaintiff to the Court, as cited herein.

2

Plaintiff's children reached the age of majority in September 2020. (*See id*. at 45 (Temporary Order of Parenting Time).)

Shortly after Plaintiff lost custody of her children, she filed the 2009 State Court Complaint, alleging claims arising out of her involuntary hospitalization and the custody litigation with her sister (*see id*. at 25-87 (2009 State Court Complaint)); and Plaintiff filed the 2009 Federal Complaint alleging employment discrimination, including a claim of sexual harassment (*see id*. at 118-19 (2009 Federal Complaint)).

Between 2010 and 2024, Plaintiff was, at least twice, subject to involuntary hospitalizations. (*See id.* at 94-97 (April 23, 2010 Motion To Withdraw as Attorney) (noting Plaintiff's 2010 involuntary hospitalization as a factor in the request to withdraw)); *id.* at 259 (2019 Notification of Status and Rights of Involuntary Admission on Medical Certification).) When she was not hospitalized, Plaintiff was at times ordered to be involuntarily administered her prescribed medication. (*See* ECF 13, June 5, 2024 Letter at 3.) Most recently, Plaintiff was discharged from the Wayne Center of Nursing and Rehabilitation on or around March 28, 2024. (*See* ECF 1, Compl. at 161 (Notice of Discharge/Transfer).)

On April 26, 2024, Plaintiff submitted a Records Access Request to ACS regarding files related to her "case against Donna Recant." (*Id.* at 84 (April 26, 2024 ACS Records Access Request).) Three days later, Plaintiff submitted another records request to ACS for records relating to herself and her children. (*See id.* at 83 (April 29,2024 ACS Records Access Request).) On May 9, 2024, Plaintiff commenced an Article 78 proceeding to authorize her access to her mental health records, which had been sealed pursuant to MHL § 9.31, and access to the court file for the case indexed as 530098/2010, which appears to have involved Plaintiff's involuntary hospitalization in 2010. (*See*

3

id. at 246-47 (Article 78 Filing); *see also* ECF 13, June 5 Letter at 18 (Draft state court filing dated May 1, 2024).)

On May 19, 2024, Plaintiff reported "grand larceny / forcible touching" to a police officer in the 23rd Precinct. (*See* ECF 1, Compl. at 336 (Incident Information Slip).)

**PROCEDURAL HISTORY**

On the same day Plaintiff filed the Complaint, she moved for a temporary restraining order and preliminary injunction against certain of the defendants. (*See* ECF 4, Notice of Mot.; ECF 5, Order To Show Cause for Preliminary Injunction and Temporary Restraining Order.) She sought: (1) an order compelling Defendant Jess Dannhauser, in his official capacity as Commissioner, New York City Administration of Child Services ("ACS") to (i) give her access to records relating to a custody case involving her children and to her children's records, which records she has sought in two official requests made since April 2024 and (ii) refrain from saying that Plaintiff's children will not speak with her because Plaintiff "might sue them"; (2) requiring Defendant Diane Lanier, who has been involved in some capacity with Plaintiff's mental health treatment, to never again speak to or attempt to see Plaintiff; (3) requiring Defendant New York City Police Department ("NYPD"), to take Plaintiff off "the mental illness profile list"; (4) prohibiting Defendants NYPD Sergeant Day and NYPD Desk Sergeant White Female 23rd Precinct ("Sergeant Doe") from having anything "to do with" her cases, including a report about a sexual abuse case that was filed on May 19, 2024 with an officer at the 23rd Precinct in Manhattan; (5) requiring Defendant DOHMH immediately to pay Plaintiff unpaid wages from her prior employment at DOHMH; and (6) requiring that Defendants pay all Plaintiff's costs and fees in this case. (ECF 4, Notice of Mot.; ECF 5, OTSC at 1.)

4

On May 30, 2024, Chief Judge Swain denied Plaintiff's application to proceed in forma pauperis. (See ECF 8.) On June 4, 2024, Plaintiff paid the required filing and administrative fees. The next day, Your Honor referred this matter to me for general pretrial supervision and dispositive motions. (*See* ECF 12.)

On June 28, 2024, I recommended that Your Honor deny Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF 4). (*See* ECF 14, Report & Recommendation.)

On September 9, 2024, I issued an OTSC why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to serve any Defendant by the August 24, 2024 deadline. I noted in the OTSC that "[t]here is no indication on the docket that Plaintiff requested the Clerk of Court to issue a summons for any Defendant, which Plaintiff would need in order to effect proper service," and that Plaintiff had not filed any proof of service on the docket. (*See* ECF 15, OTSC.) The order was returnable on September 23, 2024; I explained that Plaintiff could comply by submitting a motion requesting, based on a showing of good cause, a retroactive extension of the time for service on Defendants. (*Id.*) The order warned Plaintiff that failure to respond to the OTSC could result in my recommendation that Your Honor should dismiss the case without prejudice pursuant to Rule 4(m). (*See id.*) Plaintiff did not respond to the OTSC.

On September 27, 2024, Plaintiff submitted a letter styled "Order to show cause extension," in which she sought an "extension for the order to show cause filed on 5/24/24," stating that she was "unable to travel to this courthouse until very recently" because a hip fracture that required her hospitalization between June 13, 2024 and July 11, 2024. (ECF 17, Letter.) Plaintiff's hospitalization was followed by rehabilitation at a nursing home for "over a month." (*Id.*) I construed that letter as a request for an extension of time to file an objection to my report and recommendation that Your Honor deny her motion for a temporary restraining order and

preliminary injunction (ECF 14) and stated that any such request must be made to Your Honor. (*See* ECF 18, Order.)

On September 30, 2024, I issued an order retroactively extending until October 9, 2024 Plaintiff's time to comply with the OTSC by requesting an extension, based on a showing of good cause, of the time to serve Defendants. (*See* ECF 16, Order.) In that order, I again warned Plaintiff that failure to comply with the OTSC by October 9, 2024 could result in my issuing a report and recommendation to Your Honor that this case be dismissed without prejudice under Rule 4(m). (*See id.*) Plaintiff did not comply with the September 30 Order.

On October 24, 2024, I retroactively extended Plaintiff's time to respond to the OTSC "one last time," until November 4, 2024. (*See* ECF 19, Order.) My October 24, 2024 order stated clearly that the failure to comply would result in a report and recommendation to Your Honor that the case be dismissed without prejudice. (*See id.*) Plaintiff did not comply with the October 24 Order.

On December 26, 2024, I issued a report and recommendation that Your Honor dismiss this case without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (*See* ECF 22, Report & Recommendation.)

In response to certain letters submitted by Plaintiff (ECF 23, 26, 27, 28) and to ensure that Plaintiff understood my report and recommendation that her case should be dismissed for failure to prosecute, I held an in-person conference on March 27, 2025. (See ECF 32, Order at 1.) During the March 27 conference, I explained that in the time since Plaintiff filed the Complaint, she had neither requested summonses to be issued, nor served any Defendant in this action. (*See id*. at 2.) Plaintiff said that she wanted the assistance of the United States Marshals Service in effecting service, and I explained that such assistance is available only to plaintiffs who are proceeding in forma pauperis ("IFP"). (*See id*.) Plaintiff indicated that her financial circumstances have changed

since her original request to proceed IFP was denied on May 30, 2024 (ECF 8); Plaintiff paid the filing fee but said that because of her changed financial circumstances, she would not be able to pay the filing fee at this time, and that she cannot afford to hire process servers. In light of Plaintiff's representation about her finances, I withdrew my report and recommendation that the case be dismissed for failure to prosecute and gave Plaintiff leave to renew her request to proceed IFP. (*See* ECF 32, Order at 2.) In that order, I made clear that I would not hesitate to re-issue my report and recommendation that the case be dismissed for failure to prosecute (ECF 22) if Plaintiff failed to seek IFP status, or if a renewed motion to proceed IFP was denied and Plaintiff did not effect service. (*See* ECF 32, Order.)

On April 14, 2025, Plaintiff renewed her application to proceed IFP. (*See* ECF 33, IFP Application.) In her IFP Application, she indicated that she "or someone else living at the same residence . . . received more than $200 in the past 12 months" from sources including "[g]ifts or inheritances" (*See id*. at 1-2 (checking off box 3(e).) Plaintiff was required to describe "each source of money and state the amount [she] received and what [she] expected to receive in the future." Plaintiff did not describe the gifts or inheritances she received or expects to receive. Therefore, I issued an order April 23, 2025 stating that I was not persuaded of Plaintiff's poverty and requiring her to supplement her IFP application by May 9, 2025. (*See* ECF 34, Order.)

Plaintiff filed an amended IFP application on May 9, 2025. (*See* ECF 35, Am. IFP Application.) However, that application reported inconsistent amounts for some sources of income as compared to her April 14, 2025 IFP application (ECF 33). I issued an order on June 12, 2025 stating that if Plaintiff wished to proceed IFP, she had to submit by June 30, 2025 a letter explaining the discrepancies between her IFP application filed on April 14, 2025 and her IFP application filed on May 9,2025, as well as proof of her income and costs. (*See* ECF 36, Order.) Plaintiff failed to do so. I

issued an order extending Plaintiff's deadline until July 31, 2025 to either 1) file the materials needed to support her IFP application, which, if granted would allow her to be assisted with service by the United States Marshals Service,; or 2) effect service on Defendants; or 3) request a reasonable extension of time to effect service. I stated that if Plaintiff failed to meet that deadline, then I expected to recommend that Your Honor dismiss this case pursuant to Rule 41(b) for failure to prosecute. I admonished Plaintiff that she had the ultimate obligation of moving the case to trial, and that "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez v. City of New York*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). That order explained that the Second Circuit has concluded that Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action on its own initiative (sua sponte), notwithstanding the rule's silence on such sua sponte dismissal. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (explaining that even though Rule 41(b) refers only to dismissal upon a defendant's motion, a district court nonetheless has the authority to dismiss a plaintiff's case sua sponte for failure to prosecute); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (holding that sua sponte dismissal may be warranted "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order").

Plaintiff did not comply with my order of June 12, 2025 (ECF 36). I issued orders on July 11, 2025 (ECF 37) and August 8, 2025 (ECF 38), first extending Plaintiff's deadline to take steps to prosecute this case until July 31, 2025 and then until September 2, 2025. In each order I warned Plaintiff of the consequences of failure to take steps to prosecute this case by 1) filing the materials needed to support her IFP application, which, if granted would allow her to be assisted with service by the United States Marshals Service; or 2) effecting service on Defendants; or 3) requesting a reasonable extension of time to effect service; I stated that if Plaintiff failed to take the required

steps, then I expected to recommend that Your Honor dismiss this case pursuant to Rule 41(b) for failure to prosecute.

Plaintiff has failed to take any steps since May 9, 2025 to prosecute this case or to respond to this Court's orders.

## LEGAL STANDARDS

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Rule 4(m) dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice. Further, a plaintiff has a general obligation to prosecute her case diligently, and, if she fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted,* 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez*, 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). Rule 41(b) permits a court to sua sponte dismiss an action. *See LeSane*, 239 F.3d at 209; *Baptiste*, 768 F.3d at 216.

The Second Circuit directs district courts to consider five non-dispositive factors in weighing the propriety of a Rule 41(b) dismissal: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the

defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane*, 239 F.3d at 209.

Additionally, in *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227 (2d Cir. Oct. 31, 2024), the Second Circuit issued a summary order providing guidance on the application of Rule 41(b): the Second Circuit reversed the district court's dismissal without prejudice for failure to prosecute, finding that, where a dismissal would render the claims untimely, a court must make a finding of "willfulness, bad faith, or reasonably serious fault" before dismissing for failure to prosecute under Rule 41(b). *Romano,* 2024 WL 4635227, at *4-5.

## DISCUSSION

Here, each of the five relevant factors favors dismissal of Plaintiff's action.

As to the duration of Plaintiff's failure to prosecute, it has been over 15 months since Plaintiff filed suit, yet there is no indication on the docket that Plaintiff has sought summons to issue for any of the 72 Defendants named in this action. I issued my original report and recommendation that Plaintiff's case be dismissed for failure to prosecute in December 2024 (ECF 22), seven months after Plaintiff had filed suit without taking any steps to serve any Defendant, such as by seeking summonses, notwithstanding my having extended Plaintiff's deadline for effecting service four times (ECF 15; ECF 16; ECF 19; ECF 21).[2] I withdrew the report and

---

[2] While Plaintiff had written to the Court at the end of September 2024 to state that she had suffered health issues that prevented her from coming to the courthouse (*see* ECF 17), she had done nothing since that time to comply with Court orders. Moreover, it was unclear why she needed to come to the courthouse to prosecute her case; many pro se litigants move their cases along using mail, e-mail, and the telephone.

recommendation three months later to allow Plaintiff to seek IFP status. (*See* ECF 32.) While Plaintiff filed an IFP application on April 14, 2025 and an amended IFP application on May 9, 2025, Plaintiff has not made any filings since that time, even though I issued three separate orders (the first of which – ECF 36 – required compliance by June 30, 2025), explaining that her IFP applications were deficient and that she needed either to provide additional information or take steps to effect service or seek an extension of time to do so. (*See* ECF 36; ECF 37; ECF 38.) Thus, in addition to Plaintiff's initial delay of seven months, she has now delayed three more months, for a total delay of at least ten months. A delay of between five and ten months "falls comfortably within the time frames found sufficient" to warrant Rule 41(b) dismissals. *Peters-Turnbull v. Board of Educ. of the City of New York*, No. 96-CV-4914 (SAS), 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999); *see also Greene v. City of New York*, No. 19-CV-0873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020).

      Relevant to the second factor, Plaintiff's time to comply with Rule 4(m) has been extended multiple times, and Plaintiff was warned each time of the consequences of failing to comply with my orders. (*See* ECF 15, OTSC; ECF 16, Order; ECF 19, Order; ECF 21, Order; ECF 32, Order; ECF 34, Order; ECF 36, Order; ECF 37, Order; ECF 38, Order.) Indeed, in my most recent order, I admonished Plaintiff that failure to comply with my order by September 2, 2025 would result in a recommendation that her case be dismissed. (*See* ECF 38, Order.) "[A]lthough no one Rule 41(b) factor is dispositive, inexcusable disregard for a judge's warning justifies dismissal, even when the delay is brief." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-

9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (internal quotation marks and citations omitted).

As to the third factor, "[a]lthough there is no specific evidence on the record that delay will prejudice [the defendants] – indeed, there is no record beyond [the Complaint, Plaintiff's motions for injunctive relief, and the Court's orders] – '[p]rejudice to defendants resulting from unreasonable delay may be presumed.'" *Farion v. Ezzo*, No. 19-CV-5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

With respect to the fourth factor, "the Court's interest in managing its docket is significant, as 'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where [Plaintiff has] 'made no effort to comply with the Court's orders or to prosecute this case.'" *Ungaro v. Aaron*, No. 24-CV-0339 (RA), 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024) (quoting *Antonio v. Beckford*, 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).

And as to the fifth factor, "there is no reason for the Court to believe that any lesser sanction would cause [Plaintiff] to pursue this case with appropriate speed," since Plaintiff has previously failed to respond to any of the Court's multiple orders. *Id.* (internal quotation marks and citation omitted).

Where, as here, the dismissal is most "consistent with the language of Rule 4(m)," district judges have adopted recommendations that pro se plaintiffs' actions be dismissed, without prejudice, when the plaintiffs have not complied with their obligations to serve the defendants. *See Zapata*, 2013 WL 1762900, at *2 (concluding that dismissal without prejudice was "consistent with the language of Rule 4(m)" and recommending dismissal pursuant to Rules 4(m) and 41(b)),

–

*report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013); *Ventura v. Volunteers of Am.*, No. 12-CV-8946 (GBD) (JLC), 2013 WL 2642325, at *2 (S.D.N.Y. June 13, 2013) (recommending dismissal pursuant to Rule 4(m) for failure to prosecute), *report and recommendation adopted*, 2013 WL 3388506 (S.D.N.Y. July 2, 2013).

Here, dismissal is consistent with the language of Rule 4(m) because more than 15 months after filing this action and five months after filing her amended IFP application, and despite my many orders informing Plaintiff of her obligations, Plaintiff has not provided the materials needed to support her IFP application, has not served Defendants, has not requested an extension of time to do so, and has not even requested that a summons be issued for any of the 72 Defendants named in the Complaint.

As to whether dismissal without prejudice would render any of Plaintiff's claims untimely, it is difficult to discern precisely what claims Plaintiff seeks to advance. However, much of the behavior about which she complaints occurred between 2002 and 2019, meaning that the statutes of limitations for any claims she might wish to bring, such as claims under section 1983 (three-year limitations period), had lapsed well before Plaintiff brought this suit. Plaintiff also complains about some events in 2024; any claims based on those more recent events would likely not be time barred following dismissal for failure to prosecute. Even if there are some claims that Plaintiff is seeking to bring that were not time barred when she sued but would be time barred as a result of a dismissal for failure to prosecute, Plaintiff's repeated failures to prosecute this case or to comply with Court orders reflect "reasonably serious fault" if not willfulness, meaning that dismissal for failure to prosecute under Rule 41(b) is nevertheless appropriate. *Romano,* 2024 WL 4635227, at *4-5.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Your Honor sua sponte dismiss this action for failure to prosecute without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
October 1, 2025

Respectfully Submitted,

_____
**ROBYN F. TANOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Rearden.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).