UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN RECANT,

                Plaintiff,

     -against-

SARGENT DAY, et al.,

                Defendants.

24-CV-4117 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On October 1, 2025, I issued a report and recommendation to Judge Jennifer H. Rearden that this case, which was filed in May 2024, should be dismissed without prejudice for failure to prosecute due to Plaintiffs failure to take any steps to effect service. (ECF 40.) Plaintiff filed a letter on the docket on January 6, 2026 addressed to me (ECF 44), attaching supporting documentation for her IFP application, including copies of her prior IFP applications, a bank statement, tax document, benefit verification letter, and the first page of a letter about her financial situation that she intended to file a few months ago but had issues sending to the Court via email. Plaintiff requested that "any letter, orders, or recommendations in this case be sealed before going onto the internet" to prevent further alleged reputational harm. (*See* ECF 44, Jan. 6, 2026 Letter at 2.)

On January 9, 2026, Plaintiff filed a letter on the docket addressed to Judge Rearden (ECF 45), attaching multiple documents, including a complete copy of the above-described letter relating to Plaintiff's financial status and a copy of a 2008 New York City Police Department Complaint, which was previously filed on the docket (ECF 20, ECF 28), as well as various publicly available documents. I construe both of Plaintiff's letters to be additional objections to my report and recommendation, which will be considered in due course by Judge Rearden.

As to Plaintiff's request for sealing, there is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

Any sealing order must be "narrowly tailored," preserve privacy concerns, this includes allowing the parties to file documents in redacted form or the Court making redactions to the documents at issue. *See id*. at 124; *see also United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (recognizing that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document" while protecting the identities of cooperating witnesses and to protect other confidential law enforcement information); *Brown v. Maxwell*, 929 F. 3d, 41, 51 (2d Cir. 2019) (discussing the supervisory powers a court has "over its own records and files," including by granting protective orders, placing filings under seal, and striking material); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (D. Conn. 2019) (discussing how the district court's "supervisory power is routinely used to redact or otherwise restrict access to sensitive personally identifying information contained in court documents"); Fed. R. Civ. P. 5.2(a) (listing the permissible redactions for filings containing "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number").

The documents Plaintiff submitted are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *See Lugosch*, 435 F.3d at 119-20. The documents attached to ECF 44 support Plaintiff's requests to proceed with service without costs and to proceed IFP. (*See* ECF 44, Jan. 6, 2026 Letter at 1.) The documents attached to ECF 45 support Plaintiff's request to not dismiss the case. (*See* ECF 45, Jan. 9, 2026 Letter at 1, 2.)

The documents are entitled to the "highest" presumption of public access: Plaintiff submitted the documents in letters that I construe as objections to a report and recommendation issued on a dispositive motion in this case. *Lugosch*, 435 F.3d at 123; *see also Cerovene, Inc. v. Fukuzyu Pharm. Co., Ltd.*, No. 24-CV-0464 (RA), 2024 WL 5428973, at *1 (S.D.N.Y. Oct. 2, 2024) (finding that "a strong presumption" of public access applied to documents "filed in connection with dispositive motions, such as a motion to dismiss").

As to the considerations against unsealing, compelling privacy interests outweigh the strong presumption of access to Plaintiff's bank statement, tax document, and benefits verification documents as they in appear in both ECF 44 and ECF 45. "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Unlike the IFP applications themselves, which include references to Plaintiff's financial and benefits information, the documents at issue here – Plaintiff's bank statement, tax document, and benefits verification documents – include more personal identifying and sensitive information than an IFP application, such as bank account numbers, names of third-party beneficiaries, tax identification numbers, and benefits deductions. *Compare Averbach v. Cariso Amman Bank,* No. 19-CV-0004 (GHW) (KHP), 2023 WL 4144758, at *3, *5 (S.D.N.Y. June 23, 2023) (noting that Courts in this District have

3

recognized a privacy interest for certain banking information and permitting limited redactions of information that could pose a safety issue to customers) *with Komatsu v. City of New York*, No. 20-CV-6510 (LLS), 2020 WL 8641272, at *1 (S.D.N.Y. Sept. 2, 2020) (denying a motion to seal an  IFP application where its "contents . . . are not sufficiently extraordinary to outweigh the presumption in favor of public access").

However, the documents need not be sealed in their entirety to protect Plaintiff's personal identifying information. Applying narrowly tailored redactions can achieve this goal. *See Great W. Ins. Co. v. Graham,* No. 18-CV-6249 (VSB), 2021 WL 5325924, at *2 (S.D.N.Y. Nov. 15, 2021); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 15-CV-0307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019). Because Plaintiff is pro se and has been filing handwritten letters with the Court, instead of requiring her to re-file the letters with proposed redactions, the Court will make the appropriate redactions. *See Amodeo*, 44 F.3d at 147; *Brown*, 929 F. 3d at 51.

Regarding the 2008 New York City Police Department Complaint Report, which contains Plaintiff's personal identifying information as well as the personal identifying information of one of the named defendants who has yet to be served, compelling privacy interests do not outweigh the strong presumption of access. Most significantly, this document was previously filed on the docket on two separate occasions (ECF 20, ECF 28) and is therefore already public. *See Grossberg v. Fox Corp.,* No. 23-CV-2368 (JMF), 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) ("[C]ourts routinely deny sealing requests where, as here, the information to be sealed is already publicly available."); *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (same). "The Court has no ability to make private that which has already become public." *Chigirinskiy,* 319 F. Supp. 3d at 739 (citing *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 144 (2d Cir. 2004)).

Regarding Plaintiff's letters, the copies of Plaintiff's prior IFP applications, the drafts of a prior letter, the copies of prior decisions and reports and recommendations, and the rest of the documents in ECF 44 and 45, these documents contain information that is publicly available. Thus, there are no competing considerations that could overcome the high presumption of public access. *See Button v. New York Times Co.*, No. 24-CV-5888 (MKV), 2024 WL 4751363, at *1 (S.D.N.Y. Oct. 4, 2024).

For the foregoing reasons, the letter and supporting documents that Plaintiff submitted at ECF 44, shall be filed with limited redactions, in accordance with this order, on the docket as Exhibit A to this order. The letter and supporting documents that Plaintiff submitted at ECF 45, shall be filed with limited redactions, in accordance with this order, on the docket as Exhibit B to this order. The Clerk of Court is also respectfully directed to seal the filings at ECF 44 and 45 with access to Court personnel and case participants.

DATED:  January 21, 2026
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge