UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN RECANT,

               Plaintiff,

      -against-

SARGENT DAY, et al.,

               Defendants.

24-CV-4117 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On October 1, 2025, I issued a report and recommendation to Judge Jennifer H. Rearden that this case, which was filed in May 2024, should be dismissed without prejudice for failure to prosecute due to Plaintiffs failure to take any steps to effect service. (ECF 40.) Plaintiff filed a Declaration on the docket on February 11, 2026 in support of her notice of motion to proceed in forma pauperis ("IFP") and in opposition to the Report & Recommendation (ECF 50), attaching supporting documentation for her medical diagnosis referenced in the Declaration, including copies of her medical records.

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

Any sealing order must be "narrowly tailored," preserve privacy concerns, this includes allowing the parties to file documents in redacted form or the Court making redactions to the documents at issue. *See id*. at 124; *see also United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (recognizing that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document" while protecting the identities of cooperating witnesses and to protect other confidential law enforcement information); *Brown v. Maxwell*, 929 F. 3d, 41, 51 (2d Cir. 2019) (discussing the supervisory powers a court has "over its own records and files," including by granting protective orders, placing filings under seal, and striking material); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (D. Conn. 2019) (discussing how the district court's "supervisory power is routinely used to redact or otherwise restrict access to sensitive personally identifying information contained in court documents").

The documents Plaintiff submitted are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *See Lugosch*, 435 F.3d at 119-20. The documents attached to ECF 50 support Plaintiff's Notice of Motion to proceed with service without costs and to proceed IFP. (*See* ECF 48, Not. of Mot.; ECF 50, Decl.) The documents attached to ECF 50 also support Plaintiff's request to not dismiss the case. (*See* ECF 50, Decl. at 1.)

The documents are entitled to the "highest" presumption of public access: Plaintiff submitted the documents in letters that I construe as objections to a report and recommendation issued on a dispositive motion in this case. *Lugosch*, 435 F.3d at 123; *see also Cerovene, Inc. v. Fukuzyu Pharm. Co., Ltd.*, No. 24-CV-0464 (RA), 2024 WL 5428973, at *1 (S.D.N.Y. Oct. 2, 2024) (finding that "a strong presumption" of public access applied to documents "filed in connection with dispositive motions, such as a motion to dismiss").

2

However, the Court finds that sealing Plaintiff's medical records is necessary to protect Plaintiff's compelling privacy interests and that sealing the records is narrowly tailored to achieve that result. *See e.g. McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information.").

For the foregoing reasons, the Clerk of Court is also respectfully directed to seal the filings at ECF 50 with access to Court personnel and case participants.

DATED:  February 11, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

3