UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN RECANT,

                    Plaintiff,

        -against-

SARGENT DAY, et al.,

                    Defendants.

24-CV-4117 (JHR) (RFT)

**ORDER**

Pending before the Court is Plaintiff's motion to recuse me from this case. (ECF 70, Pl. Recusal Mot.) For the reasons set forth below, the motion is **DENIED**.

**LEGAL STANDARDS**

"Recusal motions are committed to the discretion of the judge who is being asked to recuse himself." *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2020 WL 5894078, at *1 (S.D.N.Y. Oct. 5, 2020); *see also United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992).[1] There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004). Because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), judges "ha[ve] an affirmative duty not to disqualify [themselves] unnecessarily." *Shukla*, 2020 WL 5894078, at *1. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *see also Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13-CV-6945 (PAC), 2019 WL 6002221, at

---

[1]     This order omits internal quotation marks, citations, and alterations from quoted text.

*3 (S.D.N.Y. Sept. 20, 2019). "[O]therwise, recusal motions would become a tool for judge-shopping and impeding the administration of justice . . . , [a]nd Section 455 is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Saleh v. Pastore*, No. 19-CV-11799 (KPF), 2021 WL 1177533, at *3 (S.D.N.Y. Mar. 28, 2021).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry is whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 5336749, at *2 (S.D.N.Y. June 16, 2023) (quoting *Lovaglia*, 954 F.2d at 815); *see also United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). A judge also is required to recuse herself where, among other considerations, "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1); *see also United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). And a judge should recuse herself when the party has filed a "timely and sufficient affidavit" showing that she "has a personal bias or prejudice either against [the party] or in favor of any adverse party." 28 U.S.C. § 144. The Court's analysis is the same under Sections 144 and 455(b)(1). *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) .

"To be disqualifying under § 455, the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013), *as amended* (Nov. 26, 2013); *see also United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994). "[J]udicial rulings

2

alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed by the plaintiff where the judge had ruled against him on all his motions); *Pri-har v. United States*, 83 F. Supp. 2d 393, 397 (S.D.N.Y. 2000) ("[I]t is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality."). "Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996); *see also Liteky*, 510 U.S. at 555.

## ANALYSIS

Plaintiff appears to argue for recusal based on adverse decisions made during this case: she specifically cites my ruling on her request to proceed in forma pauperis  (ECF 33; ECF 35), which I denied (ECF 36); my report and recommendations that Plaintiff's case be dismissed for failing to prosecute (ECF 22; ECF 40); and my rulings denying Plaintiff's requests for a temporary restraining order and injunctive relief (ECF 14; ECF 25; ECF 69). (ECF 70, Pl. Recusal Mot. at 1-3.) Plaintiff also accuses me of not reading her documents or not caring about her case; not giving making fair decisions; providing no response or "negative responses to all letters [and] motions"; ignoring laws and "the reasons why [Plaintiff] think[s] [her] case should proceed with haste"; causing delays by denying her request to proceed in forma pauperis based on inconsistent income amounts; "writing for the world to read that ACD removed [Plaintiff's]

3

children," which Plaintiff asserts is incorrect; allegedly admonishing Plaintiff for not using a public library to meet deadlines; and making "uncorrected [and] numerous fatal errors" of fact throughout the case. (*Id.* at 1-4.)

Plaintiff has not met her "substantial" burden of demonstrating that I am biased against her, *Metro. Opera Ass'n*, 332 F. Supp. 2d at 670. The alleged bias she identifies comes not from any extrajudicial source, but instead arises out of my rulings in this case. However, the law is clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555; *Chen*, 552 F.3d at 227; *Fulton*, 289 F.3d at 199; *Pri-har*, 83 F. Supp. 2d at 397.

I denied Plaintiff's second request to proceed in forma pauperis because, as I explained to in my order dated June 12, 2025, I was not persuaded Plaintiff qualified for IFP status due to "inconsistent amounts reported by Plaintiff in her [IFP] applications." (ECF 36.)

I recommended that Plaintiff's request for a temporary restraining order and injunctive relief be denied because, as I explained in my reports and recommendations, Plaintiff did not meet the burden of showing imminent and irreparable harm in connection with any of her requests for injunctive relief. (ECF 14; ECF 25; ECF 69.)

I recommended that Plaintiff's case be dismissed for failure to prosecute without prejudice because, "more than 15 months after filing this action and five months after filing her amended IFP application, and despite my many orders informing Plaintiff of her obligations, Plaintiff ha[d] not provided the materials needed to support her IFP application, ha[d] not served Defendants, ha[d] not requested an extension of time to do so, and ha[d] not even requested that a summons be issued for any of the 72 Defendants named in the Complaint." (ECF 40, Report & Recommendation at 13; *see also* ECF 22, Report & Recommendation at 7.)

4

I have ruled against Plaintiff and issued recommendations with which she disagrees even though I am sympathetic to the many difficulties she has experienced, because she has not shown that she is entitled to the relief she is seeking. Her description of my supposed unfairness towards her does not "indicate that [I] ha[ve] a deep-seated favoritism or antagonism that would make fair judgment impossible," *Conte*, 99 F.3d at 65. I am convinced that an objective person with knowledge of all the facts would conclude that I have not based my rulings on partiality, bias or favoritism.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for my recusal (ECF 70) is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF 70.

DATED:  June 11, 2026
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

5