USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: September 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN RECANT,<br>Plaintiff,<br>-v.-<br>SARGENT DAY, et al.,<br>Defendants. | 24 Civ. 4117 (JHR) (RFT)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

On May 24, 2024, Plaintiff, proceeding *pro se*, brought this action alleging violations of several federal constitutional rights, as well as "sexual abuse, false arrest w[ith] false imprisonment," and related claims, against 72 defendants. ECF No. 1. Before the Court are five Reports and Recommendations issued by Magistrate Judge Robyn Tarnofsky. ECF Nos. 14, 25, 40, 69, 77. The Court has examined the Reports and Recommendations and notes that Plaintiff only filed objections to Judge Tarnofsky's October 1, 2025 Report and Recommendation. ECF No. 40. For the reasons set forth below, the Court adopts Judge Tarnofsky's recommendations in all five Reports and Recommendations.

**BACKGROUND**[1]

Plaintiff filed the Complaint in this case on May 24, 2024. ECF No. 1. Also on May 24, 2024, Plaintiff moved for a temporary restraining order and a preliminary injunction against certain defendants. ECF No. 4-5. In addition, Plaintiff applied to proceed *in forma pauperis* ("IFP"), ECF No. 2, which the Honorable Laura Taylor Swain denied on May 30, 2024, ECF No. 8. The case was assigned to Chief Judge Swain on June 2, 2024 and reassigned to this Court on June 5, 2024.

[1] Familiarity with the facts, which are set forth in detail in the October 1, 2025 Report and Recommendation, is assumed. *See* ECF No. 40.

On June 5, 2024, this Court referred the case to Judge Tarnofsky for general pretrial management and for reports and recommendations on dispositive motions. ECF No. 12. On June 28, 2024, Judge Tarnofsky issued the first of the above-referenced Reports and Recommendations. ECF No. 14. In the June 28, 2024 Report and Recommendation, Judge Tarnofsky "recommend[ed] that Plaintiff's motion [for a temporary restraining order and preliminary injunction] be DENIED." *Id.* at 2. Objections to that Report and Recommendation were due by July 12, 2024. ECF No. 14. Plaintiff did not file any objections.

On September 9, 2024, Judge Tarnofsky issued an order to show cause why this case should not be dismissed, explaining that "[t]here [wa]s no indication on the docket that Plaintiff requested the Clerk of Court to issue a summons for any Defendant, which Plaintiff would need in order to effect proper service[,] [n]or [did] Plaintiff file[] proof of service on the docket." ECF No. 15 at 1. Because "[t]he time to serve the complaint on Defendants ha[d] expired," Judge Tarnofsky "notified [Plaintiff] that it [wa]s [her] intention to recommend that [this Court] dismiss the claims against all Defendants," "in accordance with [Federal Rule of Civil Procedure] 4(m)." *Id.* at 1-2; *see also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."). Judge Tarnofsky directed Plaintiff to file any motion "for a nunc pro tunc (retroactive) extension of the time for service on Defendants" by September 23, 2024. ECF No. 15 at 2. If Plaintiff failed to do so, Judge Tarnofsky would "issue a report and recommendation that [this Court] dismiss the claims against Defendants." *Id.*

On September 30, 2024, Judge Tarnofsky "sua sponte and nunc pro tunc [] extend[ed] the time [for Plaintiff] to comply with the order to show cause [regarding Rule 4(m) service] until October 9, 2024." ECF No. 16. On October 1, 2024, Plaintiff filed a letter (dated September 27, 2024) requesting an "extension for the [motion] filed on [May 24, 2024, ECF Nos. 4-5]," because she "was unable to travel to this courthouse until very recently" due to a "serious fracture of [her] left hip." ECF No. 17. That same day, Judge Tarnofsky issued an order explaining that, "[o]n June 28, 2024, [Judge Tarnofsky] made a recommendation to [this Court] that Plaintiff's request for a temporary restraining order and preliminary injunction, . . . be denied. Plaintiff's time to make objections to that recommendation ha[d] expired. If Plaintiff wishe[d] for a retroactive extension of time to make objections to that recommendation, she [was required to] address that extension request to [this Court]." ECF No. 18 at 1. Separately, Judge Tarnofsky again warned that, "[i]f Plaintiff d[id] not request a retroactive extension of time to serve Defendants by October 9, 2024," then Judge Tarnofsky "expect[ed] to recommend that [this Court] dismiss this case." *Id.* at 1-2.

Plaintiff neither complied with Judge Tarnofsky's October 9, 2024 deadline nor requested an extension of time to file objections to the June 28, 2024 Report and Recommendation. On October 24, 2024, Judge Tarnofsky "retroactively extend[ed] Plaintiff's time to respond to the [September 9, 2024 Order to Show Cause, ECF No. 15] one last time, until November 4, 2024." ECF No. 19. On October 31, 2024, Plaintiff filed a letter asking for an extension of time to serve Defendants with process. ECF No. 20. On November 7, 2024, Judge Tarnofsky issued an order stating that "Plaintiff d[id] not appear to have done anything to comply with Court orders concerning service." ECF No. 21 at 1-2. "Nevertheless," Judge Tarnofsky extended Plaintiff's deadline to serve Defendants "until December 5, 2024." *Id.*

Service was not effected by that date, and on December 26, 2024, Judge Tarnofsky issued a Report and Recommendation recommending that this Court "dismiss the Complaint without prejudice for failure to prosecute pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure." ECF No. 22 at 1. On February 7, 2025, Plaintiff filed a letter (dated February 4, 2025) requesting "protection before [she] proceed[ed] with [her] case to recover damages." ECF No. 23.

Construing "Plaintiff's request for protection as a renewal of her motion for a temporary restraining order and preliminary injunction against certain Defendants," Judge Tarnofsky issued a Report and Recommendation on February 11, 2025 recommending that this Court "deny Plaintiff's renewed request" "[f]or the reasons articulated in [the] report and recommendation dated June 28, 2024." ECF No. 25. Objections to the February 11, 2025 Report and Recommendation were due by February 25, 2025. *Id.* Plaintiff did not file any objections.

On March 31, 2025, Judge Tarnofsky withdrew the December 26, 2024 Report and Recommendation. ECF No. 32. Judge Tarnofsky stated that, at a March 27, 2025 status conference, she had discussed "the basis for [her] recommendation that the case be dismissed for failure to prosecute [and] pointed out that Plaintiff had not served any Defendants." *Id.* at 2. Plaintiff had requested "the assistance of the U.S. Marshals Service in effecting service," and Judge Tarnofsky had "explained that such assistance is available only to plaintiffs who are proceeding in forma pauperis." *Id.* Plaintiff then "indicated that her financial circumstances ha[d] changed [following the denial of her earlier *in forma pauperis* application], that she would not be able to pay the filing fee at this time, and that she c[ould not] afford to hire process servers." *Id.* Accordingly, Judge Tarnofsky directed Plaintiff, "by April 14, 2025, [to] submit an updated IFP application," and she withdrew the December 26, 2024 Report and Recommendation in the interim. *Id.* at 2-3. But Judge Tarnofsky "warn[ed] Plaintiff] that [she]

w[ould] not hesitate to re-issue that report and recommendation if Plaintiff fail[ed] to seek IFP status, or if a renewed motion to proceed IFP [were] denied." *Id.* at 3.

On April 14, 2025, Plaintiff filed a request to proceed *in forma pauperis*. ECF No. 33. On April 23, 2025, Judge Tarnofsky issued an order explaining that she was "not persuaded of Plaintiff's poverty" and directing Plaintiff "to supplement her renewed application to proceed IFP [by] May 9, 2025." ECF No. 34. On May 9, 2025, Plaintiff filed another application to proceed *in forma pauperis*. ECF No. 35.

On June 12, 2025, Judge Tarnofsky issued an order noting "meaningful inconsistencies between Plaintiff's [April 14, 2025 and May 9, 2025] IFP applications" and directed Plaintiff "to submit by June 30, 2025, a letter explaining the discrepancies . . . as well as proof of her income and costs." ECF No. 36. Plaintiff did not comply, and on July 11, 2025, Judge Tarnofsky issued an order "admonish[ing Plaintiff] that she ha[d] the ultimate obligation of moving the case to trial, and [that] '[d]ismissal [wa]s warranted where there [wa]s a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff.'" ECF No. 37 at 2 (quoting *Perez v. City of New York*, No. 19 Civ. 2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022)). That order directed Plaintiff to "take steps to prosecute this case by July 31, 2025, either by 1) filing the materials needed to support her IFP application, which, if granted would allow her to be assisted with service by the United States Marshals Service; or 2) effecting service on Defendants; or 3) requesting a reasonable extension of time to effect service." *Id.* at 3. If Plaintiff failed to do so, Judge Tarnofsky "expect[ed] to recommend to [this Court] that [it] dismiss this case pursuant to Rule 41(b) for failure to prosecute." *Id.*

Plaintiff again did not comply. On August 5, 2025, Judge Tarnofsky retroactively extended Plaintiff's deadline to "take steps to prosecute this case," ECF No. 37 at 2, "one final time," to September 2, 2025, ECF No. 38. Following continued noncompliance on October 1,

2025, Judge Tarnofsky issued a Report and Recommendation recommending that this Court "sua sponte dismiss the Complaint without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure." ECF No. 40 at 1. Objections to the Report and Recommendation were due by October 15, 2025. ECF No. 40.

On October 14, 2025, Plaintiff filed a letter, ECF No. 41, which Judge Tarnofsky construed as "Plaintiff's objection to [the October 1, 2025] report and recommendation," ECF No. 42. In her letter, Plaintiff asked the Court to "please concentrate on what this case is about" but did not address Judge Tarnofsky's findings regarding service. ECF No. 41.

On January 6 and 9, 2026, Plaintiff filed additional letters, ECF Nos. 44-45, which Judge Tarnofsky "construe[d] . . . to be additional objections to [the October 1, 2025] report and recommendation," ECF No. 48. The January 6, 2026 letter addressed "the documents [Judge Tarnofsky had] requested [for Plaintiff] to proceed [*in forma pauperis*]" and stated that Plaintiff had "resubmitted [her] 2 IFP applications." ECF No. 44. The January 9, 2026 letter stated that "[Judge Tarnofky's] opinion to reject assistance with obtaining my children's A.C.S. records is contrary to a fair outcome of [Plaintiff's] case." ECF No. 45. Consistent with the October 14, 2025 letter, the January 6 and 9, 2026 letters did not address Judge Tarnofsky's findings regarding service.

On March 27, 2026, Plaintiff filed additional letters, ECF Nos. 60-61, which, on May 27, 2026, Judge Tarnofsky "underst[oo]d to be Plaintiff's further objections to [the October 1, 2025] report and recommendation," ECF No. 63. The first letter explained that Plaintiff was "submitting 2 articles which can further explain why I have delayed service for my case" and appended articles addressing "psychiatric trauma" and "coercive mental health measures in Europe." ECF No. 60. The second letter, addressed to this Court, noted only that Plaintiff was

"submitting the letter [she] wrote to Judge Tarnofsky" and appended the letter at ECF No. 60. ECF No. 61.

On June 3 and 5, 2026, Plaintiff filed three proposed orders to show cause seeking a temporary restraining order and permanent injunction enjoining unspecified defendants in this matter from engaging in a range of activities. ECF Nos. 64-66.

On June 8, 2026, Judge Tarnofsky issued a Report and Recommendation observing that "not all harms can be addressed by courts, and a federal court's ability to address harms is limited because federal courts are courts of limited jurisdiction," and recommending that this Court "DENY Plaintiff's requests [at ECF Nos. 64-66]." ECF No. 69. Objections to that Report and Recommendation were due by June 22, 2026. *Id.* Plaintiff did not file any objections.

On June 10, 2026, Plaintiff filed a motion for an injunction against former New York State Criminal Court Judge Donna Recant. ECF No. 72. On June 17, 2026, Plaintiff filed an application seeking return of filing fees paid in this Court and in the Second Circuit. ECF No. 74. Also on June 17, 2026, Plaintiff filed a proposed order to show cause why a preliminary injunction and temporary restraining order should not issue. ECF No. 75. Finally, on June 25, 2026, Plaintiff filed a letter requesting the return of allegedly stolen money and for the prosecution of unspecified individuals for various felonies. ECF No. 76.

On September 1, 2026, Judge Tarnofsky issued a Report and Recommendation recommending that this Court "DENY Plaintiff's applications at ECF [Nos.] 72, 74, 75, and 76." ECF No. 79 at 3. Objections to that Report and Recommendation were due by September 15, 2026. ECF No. 79. Plaintiff did not file any objections.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). But "when a party makes only conclusory or general objections, or simply reiterates [her] original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (same), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

When making objections, "[*p*]*ro se* parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation

"is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *1 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

As discussed above, Plaintiff did not object to four of Judge Tarnofksy's Reports and Recommendations: (1) the June 28, 2024 Report and Recommendation, recommending that "Plaintiff's motion [for a temporary restraining order and preliminary injunction, ECF Nos. 4-5,] be DENIED," ECF No. 14 at 2; (2) the February 11, 2025, Report and Recommendation, recommending that this Court "deny Plaintiff's renewed request[, ECF No. 23]," for a temporary restraining order and preliminary injunction, ECF No. 25; (3) the June 8, 2026 Report and Recommendation, recommending that this Court "DENY Plaintiff's requests[, ECF Nos. 64-66]," seeking a temporary restraining order and permanent injunction enjoining unspecified defendants from engaging in various activities, ECF No. 69; and (4) the September 1, 2026 Report and Recommendation, recommending that this Court "DENY Plaintiff's applications at ECF [Nos.] 72, 74, 75, and 76," ECF No. 77 at 3.

Notwithstanding direct warnings that a failure to file objections would "result in a waiver of objections," ECF Nos. 14 at 14, 25 at 2, 69 at 3-4, 77 at 3-4, Plaintiff did not file objections to the above-referenced Reports and Recommendations. Thus, the clear-error standard is appropriate. Having carefully reviewed the Reports and Recommendations, the Court finds no such error. The Reports and Recommendations are "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025). Accordingly, the June 28, 2024, February 11, 2025, June 8, 2026, and September 1, 2026 Reports and Recommendations, ECF Nos, 14, 25, 69, 77, are adopted in their entirety.

The only Report and Recommendation to which Plaintiff filed objections is the October 1, 2025 Report and Recommendation. ECF No. 40. That Report and Recommendation addressed "Plaintiff['s] [] fail[ure] to take any steps since May 9, 2025 to prosecute this case or to respond to this Court's orders," as well as Plaintiff's failure to serve defendants with process. *Id.* at 8-9. Judge Tarnofsky explained that "'[Rule] 4(m) dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice . . .[,]' Plaintiff has the ultimate obligation of moving the case to trial, and '[d]ismissal is warranted [under Rule 41(b)] where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff.'" *Id.* at 9 (quoting, respectively, *Zapata v. Isabella Geriatric Ctr.*, No. 12 Civ. 738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013), and *Perez*, 2022 WL 21781461, at *1). To determine whether dismissal is warranted under Rule 41(b), "[t]he Second Circuit directs district courts to consider five non-dispositive factors[:] . . . '[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" *Id.* at 9-10 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Judge Tarnofsky applied the *LeSane* factors and concluded that "each of the five relevant factors favor[ed] dismissal of Plaintiff's action." ECF No. 40 at 10-13. Because Judge Tarnofsky found that "dismissal [wa]s most 'consistent with the language of Rule 4(m),'" she recommended "that [this Court] sua sponte dismiss this action for failure to prosecute without

prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure." *Id.* at 12-14 (quoting *Zapata*, 2013 WL 1762900, at *2).

After Judge Tarnofsky issued the October 1, 2025 Report and Recommendation, Plaintiff filed several letters, ECF Nos. 41, 44-45, 60-61, which Judge Tarnofsky construed as objections to the Report and Recommendation, *see* ECF Nos. 42, 48, 63. Except for the letter that Plaintiff filed on October 14, 2025, ECF No. 41, those objections were untimely. *See* ECF No. 40 (setting deadline of October 15, 2025 for Plaintiff to file objections); *see McBryde-O'Neal v. Polichetti*, No. 23 Civ. 10113 (JPC), 2025 WL 752055, at *3 (S.D.N.Y. Mar. 10, 2025) ("Plaintiff also did not timely file any objections to the Report and Recommendation, thus waiving her right to object . . . ."); *In re Associacção dos Profissionais dos Correios*, No. 22 Misc. 132 (RA), 2024 WL 4299019, at *3 (S.D.N.Y. Sept. 25, 2024) ("Generally, a party's failure to file timely objections to a report and recommendation 'operates as a [non-jurisdictional] waiver of further judicial review of the magistrate's decision.' In that case, the district court need go no further than to review the report for clear error." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

But even considering the untimely objections, "as best the Court can tell, the objections reiterate arguments properly rejected by the magistrate judge and raise [] new argument[s] that" Plaintiff previously did not raise. *Keaton v. United States*, No. 16 Civ. 2313 (VEC), 2018 WL 10758583, at *2 (S.D.N.Y. Mar. 23, 2018); *see Wallace*, 2014 WL 2854631, at *1. For example, Plaintiff's October 14, 2025 letter only made a single, vague request: that the Court "please concentrate on what this case is about." ECF No. 41. The January 6, 2026 letter addressed Plaintiff's *in forma pauperis* filings, ECF No. 44, which Judge Tarnofsky had separately resolved by extending Plaintiff's time to make sufficient IFP filings. *See* ECF Nos. 32, 34, 36-38. The January 6, 2026 letter explained that Plaintiff had "resubmitted [her] 2 IFP

applications," and it also attempted to neutralize an apparent discrepancy raised by Judge Tarnofsky regarding Plaintiff's inheritance, *see* ECF No. 36. ECF No. 44 (stating that "[n]owhere did [Plaintiff's IFP applications] say . . . that [she] received $46,000 annually from an inherited IRA. It [has] always been between $600 and $7[,]600"). In addition, Plaintiff wrote that "[her] sister took [her] children right out from [her] apartment" and that "A.C.S. got involved a year after [her sister] was awarded custody." *Id.*

The matters raised by the October 14, 2025 letter and the January 6, 2026 letter were not "clearly aimed at particular findings in [Judge Tarnofsky's Report and Recommendation regarding service]." *Pinkney*, 2008 WL 2811816, at *1. Instead, they either relate to Plaintiff's IFP applications or consist of vague arguments about her claims. The same is true of the January 9, 2026 letter, ECF No. 45, which addressed "[t]he abuse [Plaintiff] ha[s] experienced since 2008," asked the Court to "[p]lease read" specific orders by other courts, and claimed that Judge Tarnofsky's "opinion to reject assistance with obtaining [Plaintiff's] children's A.C.S. records [wa]s contrary to a fair outcome of [Plaintiff's] case," *id.* Crucially, the January 9, 2026 letter did not address Judge Tarnofsky's findings regarding service.

Finally, the March 27, 2026 letters, assuming they were intended to object to Judge Tarnofsky's October 1, 2025 Report and Recommendation, purported to address service, explaining that Plaintiff "submit[ted] 2 articles which can further explain why [she] ha[d] delayed service for [her] case." ECF No. 60 at 1; *see also* ECF No. 61 (letter addressed to this Court attaching "the letter [Plaintiff] wrote to Judge Tarnofsky" on March 27, 2026, ECF No. 60). But neither the March 27, 2026 letters nor the articles appended by Plaintiff explained why, in Plaintiff's view, Judge Tarnofsky erred in recommending dismissal under Rules 4(m) and 41(b). Instead, the letters explained that, "[a]lthough in the present [Plaintiff] can function at a reasonably high level, [she] felt completely powerless and without any confidence for years after

undergoing severe psychiatric abuse." ECF No. 60 at 1. They then addressed "[the] fundamental liberty [interest] . . . that protect[s] a parent's right to custody over someone who is not a parent." As with the letters dated October 14, 2025, January 6, 2026, and January 9, 2026, the Court finds that the March 27, 2026 letters "[did] nothing more than state that the [Report and Recommendation] was wrong." *Kumar v. United States*, No. 22 Civ. 5533 (JGLC), 2025 WL 1194376, at *2 (S.D.N.Y. Apr. 22, 2025); *Nazon*, 2023 WL 1518905, at *2 (same). Nor can the Court consider the articles provided by Plaintiff, as "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (collecting cases).

Ultimately, even "giving [Plaintiff] the benefit of liberal construction, [her] objections to the R&R are at turns vague, conclusory, and largely incomprehensible." *Keaton*, 2018 WL 10758583, at *2; *Walden v. Walcott*, No. 19 Civ. 11409 (GBD), 2025 WL 2145652, at *3 (S.D.N.Y. June 29, 2025) (adopting Report and Recommendation where plaintiff "provide[d] no factual or legal bases for his objections," concluding that the "objections are therefore entirely conclusory and general"); *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019) (drawing similar conclusion). At most, Plaintiff's objections "restate [her] prayer for relief, [and] do not contain any arguments that are specifically targeted at the reasoning in the Report. Such objections that are not clearly aimed at particular findings in the Report do not trigger *de novo* review." *See Bailey*, 2014 WL 2855041, at *1 (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). Like the other Reports and Recommendations, the October 1, 2025 Report and Recommendation is "well-reasoned and grounded in fact and law." *Fredricks*, 2025 WL 1018870, at *1. Accordingly, the Court adopts the October 1, 2025 Report and Recommendation, ECF No. 40, in its entirety

For the foregoing reasons, (1) the June 28, 2024 Report and Recommendation, ECF No. 14, (2) the February 11, 2025 Report and Recommendation, ECF No. 25, (3) the October 1, 2025 Report and Recommendation, ECF No. 40, (4) the June 8, 2026 Report and Recommendation, ECF No. 69 and (5) the September 1, 2026 Report and Recommendation, ECF No. 77, are hereby ADOPTED. Specifically, the Court adopts Judge Tarnofsky's recommendations that it deny the pending motions at ECF Nos. 4-5, 23, 64-66, 72, and 74-76 and "sua sponte dismiss this action for failure to prosecute without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure." ECF No. 40 at 14.

The Clerk of Court is directed to terminate ECF Nos. 4, 5, 23, 64, 65, 66, 72, 74, and 75, and 76 and close this case.

SO ORDERED.

Dated: September 30, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge